**Wei Yang FU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General Respondents.**

No. 04–1762–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 28, 2005.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

David X. Feng, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Geoffrey J.L. Brown, Assistant United States Attorney, Syracuse, New York, for Respondent.

Present: Hon. Jon O. NEWMAN, Hon. Richard C. WESLEY, and Hon. Peter W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Wei Yang Fu, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsa-*meachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

Because the only harm Fu claims to have suffered is persistent police pursuit, this allegation goes to the heart of his asylum claim and its omission from his written statements is critical. Despite his claim to the contrary, a thorough examination of both Fu's affidavits reveals no mention of the police pursuit. His mother's affidavit gives only a vague indication that the police were looking for him, and does not indicate that they came to arrest him a total of 60–80 times, as he testified. The omissions in all three written statements were "not the sort of 'minor and isolated' discrepancies so plainly immaterial to a persecution claim that no reasonable factfinder could use them as a basis for an adverse credibility ruling." *Zhou Yun Zhang*, 386 F.3d at 77 (quoting *Diallo*, 232 F.3d at 288).

Moreover, the IJ reasonably found implausible Fu's claim that the police would keep returning to his house after so many unsuccessful attempts. That they would keep returning to that address with the frequency he described, even after Fu's mother had moved away and strangers had moved in, appears even more unlikely.

Because Fu failed to establish past persecution, he was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1). His ability to establish independently a well-founded fear is also limited, because in the absence of this allegation, his claim that the police still want to arrest him is severely weakened. Moreover, the IJ reasonably drew an adverse inference after learning that Fu was able to travel to Vietnam and back, showing the Chinese customs official his own passport each time, without incident.

As the IJ noted, the friend with whom Fu hid was in the best position to explain this incongruity, and to confirm other details. While an applicant's testimony, *if credible*, can sometimes be sufficient to meet his or her burden of proof, corroboration should be provided when it is reasonable to expect it. *Diallo*, 232 F.3d at 288–89. Because Fu's testimony was not otherwise credible, corroboration was essential. *See Zhou Yun Zhang*, 386 F.3d at 78. Moreover, Fu and his attorney were on notice of the IJ's doubts at the first hearing, which was continued specifically to allow them to obtain more documentary evidence.

Fu also challenges the IJ's denial of CAT relief. However, he failed to exhaust this claim in his brief to the BIA, and therefore this Court does not have jurisdiction to address it. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).